IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DANA BELLE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : 7:21-CV-00060 (WLS-TQL) |
| KILOLO KIJAKAZI, | : |
| Acting Commissioner of Social Security, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is a "Consent Motion for Attorney's Fees under the Equal Access to Justice Act" filed by Plaintiff. (Doc. 23.)

**I.  Procedural Background**

Plaintiff Dana Belle filed a Complaint in this Court on May 19, 2021 appealing the Social Security Administration's denial of his claim for disability benefits. (Doc. 1.) After Plaintiff filed his brief in support, the Commissioner of Social Security filed a Consent Motion to remand Under Sentence Four of 42 U.S.C. § 405(g), to enter a judgment with a reversal and remand of the case to the Commissioner. (Doc. 20.) The Court granted the motion to remand and entered judgment accordingly. (Docs. 21 & 22.)

Plaintiff now seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.S. § 2412, totaling $7,322.65 for 33 hours of attorney work. (Doc. 23.) This constitutes an average hourly rate of $221.90. Plaintiff further states that the Defendant does not oppose the requested amount of attorney's fees.

**II.  Analysis**

Pursuant to the EAJA:

> "[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against

1

the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C.S. § 2412(d)(1)(A). Moreover, the attorney's fees requested must be reasonable. 28 U.S.C.S. § 2412(d)(2)(A). "'Excessive, redundant or otherwise unnecessary hours' must be deducted from an award of fees." *Jipson v. Comm'r of Soc. Sec.*, No. 2:13-cv-450-FtM-38DNF, 2014 U.S. Dist. LEXIS 89350, at *5 (M.D. Fla. June 12, 2014). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983).

The Court does not find that the Commissioner's position was substantially justified or that special circumstances make an award unjust. *See Gallo v. Colvin*, No. 1:14-cv-2704-WSD, 2016 U.S. Dist. LEXIS 140405, at *2-3 (N.D. Ga. Oct. 11, 2016) ("[T]he Commissioner was not substantially justified in defending the ALJ's decision because the ALJ's decision did not comply with the required legal standards."). Thus, an award of fees is appropriate here.

**A. Reasonableness**

The EAJA provides that "reasonable attorney fees . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.S. § 2412(d)(2)(a).

"Plaintiff bears the burden of showing that the hours requested are reasonable." *Gallo*, 2016 U.S. Dist. LEXIS 140405, at *2. The Eleventh Circuit Court of Appeals defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citation omitted); *Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) ("'The 'relevant market' is generally 'the place where the case is filed.'"). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 536 (11th Cir. 2020) (quoting *Norman*, 836 F.2d at

1299). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work… Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (citations omitted). "[W]here there is inadequate evidence, the district court is considered an expert on the question of reasonable fees and can consider its own knowledge and experience without additional pleadings or a hearing." *Callaway*, 802 F. App'x at 536 (citing *Norman*, 836 F.2d at 1303).

In Plaintiff's brief in support of his motion for attorney's fees, he requests attorney's fees totaling $7,322.65 for 33 hours for two attorneys' work in this case. (Doc. 23-1.) Attached in support are records showing that Attorney George Piemonte, the only attorney of record for Plaintiff in this case, is a 1987 law school graduate practicing primarily social security law, is admitted to practice law in Georgia and all of the district courts in Georgia, and is a lawyer at Martin, Jones, & Piemonte. (Doc. 23-5). Attorney Piemonte worked 3.1 hours in this case in 2021, which consisted of making the initial decision to take the case, preparing the complaint, and finalizing and editing the brief filed in support of the complaint. (Doc. 23-3.) The other attorney seeking fees in this case is Alyssa K. Van Auken who is not an attorney of record in this case, is a 2014 law school graduate admitted to practice law in the State of New York, is an associate attorney at Martin, Jones, & Piemonte, and who declares that the fair market value for brief writing services exceeds $250 per hour. (Doc. 23-6.) She worked 29.9 hours on this case in 2021. (Doc. 23-3.) Plaintiff has also attached a document titled "CPI for All Urban Consumers" from the Bureau of Labor Statistics showing "266.236" for the first half of 2021 and "275.703" for the second half of 2021. (Doc. 23-4.)

Plaintiff asserts that the attorneys' fees sought are calculated at the hourly rate allowed under the EAJA adjusted for inflation, and the rates sought increase from $216.12 in May 2021 to $223.14 in November 2021. (Doc. 23-1 at 4.) The Commissioner has not filed any opposition to the motion for fees, and Plaintiff states that the Defendant does not oppose the requested amount of fees. (*See* Doc. 23 at 2).

The Court takes no issue with Plaintiff's requested fees. A reasonable market rate in this region for attorneys with skills and experiences similar to Plaintiffs' attorneys is well above $125. This Court has often awarded the CPI rate adjusted for inflation to attorneys in social

3

security appeals and, especially where the Commissioner has filed no opposition, finds no reason to depart from that practice here.[1] The hourly rates sought here are reasonable and justified by the increased cost of living.

## CONCLUSION

Upon full review and consideration of the record, the Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees (Doc. 23). The Court awards to Plaintiff from the Defendant Commissioner $7,322.65 in attorney's fees. Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government may accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**SO ORDERED**, this 12th day of May 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In a previous case, the Court declined to address the magistrate judge's finding *in dicta* that the non-admitted attorney working for Martin, Jones, & Piemonte did not comply with the Local Rule's requirement on seeking admission or pro hac vice status and that it was within the court's discretion to apply a paralegal rate to such an attorney. *See Pitts v. Berryhill*, Case No. 7:16-cv-60 (WLS-TQL). The Eleventh Circuit Court of Appeals has since affirmed a district court's decision to award non-admitted attorneys performing brief writing services for Martin, Jones, & Piemonte a reasonable paralegal rate, as opposed to a reasonable attorney's rate. *Callaway*, 802 F. App'x at 538. Thus, although it may be within the Court's discretion to award Attorney Van Auken a reasonable paralegal rate based on the nature of the work she performed and that she was not admitted to practice on this case, the Court will not do so here as to the consent motion for attorney's fees. However, the Court is not setting a precedent on this issue and retains all permissible discretion with regard to future motions for fees.